USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/4/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DILIGENT ENTERPRISE MANAGEMENT, LLC,

                          Plaintiff,

            -against-                        24-CV-2228 (VEC)

AML GLOBAL ECLIPSE, LLC, DWC PINE INVESTMENTS I, LTD., ALAN KLAPMEIER, JAMES CARROLL, STEVE SERFLING, RJ SIEGLE, and MIKE WYSE,                      ORDER

                        Defendants.
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiff Diligent Enterprise Management, LLC ("Diligent") requested a court order to dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). *See* Letter Mots., Dkts. 11, 15. Absent a court order, Diligent cannot voluntarily dismiss this case *without prejudice* because it has already voluntarily dismissed identical claims. *See Diligent Enterprise Management, LLC v. AML Global Eclipse, LLC et al.*, 1:23-cv-10924 (VEC) ("*Diligent I*"); *see also* Fed. R. Civ. P. 41(a)(1)(B) ("[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."). For the reasons explained below, Plaintiff's request for a court order to dismiss this case without prejudice is DENIED.

## BACKGROUND

Plaintiff filed *Diligent I* in the New York Supreme Court on November 17, 2023. *See Diligent I*, Dkt. 1-1. Defendants removed the case to this Court on December 15, 2024. *Id.*, Dkt. 1. The parties began briefing cross-motions to transfer and remand that would resolve threshold

jurisdictional and venue questions.  *See id.*, Dkt. 13 (order setting briefing schedule); Dkt. 16 (Plaintiff's memorandum in support of motion to remand); Dkt. 22 (Defendants' memorandum in support of cross-motion to transfer).  After the parties had filed their opening memoranda and before briefing was complete, on March 15, 2024, Plaintiff voluntarily dismissed *Diligent I*, *see Diligent I*, Dkts. 25–26, and filed this lawsuit ("*Diligent II*") in New York state court.  *See* Not. of Removal, Dkt. 1, Ex. A.

On March 22, 2024, the parties appeared for a status conference to discuss next steps, given the inevitable removal of this case.  At the conference, Defendants confirmed their intention to remove *Diligent II*.  The parties agreed to meet and confer regarding a proposed briefing schedule to address all threshold issues, including sufficiency of service, remand, and transfer (*i.e.*, to restart the briefing that was aborted when *Diligent I* was voluntarily dismissed).

On March 25, 2024, Defendant AML Global Eclipse, LLC, with the consent of the other Defendants, removed *Diligent II*.  *See* Not. of Removal, Dkt. 1.  Even though the parties agreed to submit a proposed briefing schedule, they did not do so.  On April 9, 2024, the Court ordered the parties to meet and confer and file a letter with a proposed briefing schedule by no later than April 24, 2024.  Order, Dkt. 9.  On April 24, instead of filing a proposed a briefing schedule, Plaintiff stated its intention to dismiss *Diligent II*.  Letter, Dkt. 11.  It asked the Court to set a schedule to brief its request for a court order dismissing the Complaint without prejudice.  *Id.* The Court allowed the parties to submit three-page letters on whether dismissal without prejudice would be appropriate here.  Order, Dkt. 12.

## DISCUSSION

Whether "to grant dismissal under Rule 41(a)(2) is left to the sound discretion of the district court."  *Fortis Bank S.A./N.V. (Cayman Islands Branch) v. Brookline Fin. LLC*, 2012 WL 86448, at *2 (S.D.N.Y. Jan. 11, 2012).  In exercising such discretion, courts typically consider

(1) "the plaintiff's diligence in bringing the motion," (2) any "undue vexatiousness" on the plaintiff's part, (3) "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial," (4) "the duplicative expense of relitigation," and (5) "the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

Here, the factors weigh against allowing Plaintiff to dismiss this case without prejudice. Plaintiff claims it has been diligent and that the suit has not progressed significantly because the "action has been pending only a few weeks." Letter, Dkt. 15 at 2. But that argument ignores the fact that the same issues between the same parties had been pending before the Undersigned since December 2023 when *Diligent I* was dismissed and *Diligent II* was commenced.

Further, Plaintiff has been unduly vexatious and created duplicative expenses for Defendants, who have had to remove the same lawsuit twice. It made Defendants brief cross-motions to remand and transfer, which involved researching and drafting a 25-page memorandum and compiling 44 exhibits. *See Diligent I*, Dkts. 22–24. Plaintiff's perplexing behavior — voluntarily dismissing the case and then re-filing an identical complaint the same day — required the Court to schedule and conduct a status conference, which further wasted the Court's and the parties' time. At that conference, Plaintiff represented to the Court that it was willing to proceed with briefing the threshold motions in the new proceeding but then backtracked on that representation, leading to further letter briefing on whether Diligent could dismiss its newly-filed complaint without prejudice.

The litigation has progressed to motion practice and Defendants have invested significant time and effort in defending Plaintiff's claims; Plaintiff, in contrast, has offered no cogent explanation for its sudden desire to dismiss that outweighs those factors. Plaintiff represents that it cannot afford to litigate and has been unable to secure litigation funding. *See* Letter, Dkt. 15 at

2–3.  While that could be true, Plaintiff surely knew its financial condition before it dismissed *Diligent I* and filed *Diligent II*.  *Id.* at 2 (explaining that Plaintiff has had cost constraints and has had conversations with funders since serving the first state court complaint in November 2023).  Armed with knowledge of its financial condition, it could have simply let its voluntarily dismissal of *Diligent I* — which was *without prejudice*, *see Diligent I*, Dkts. 25–26 — stand.  Its decision to file a new complaint the very same day undermines its stated concerns about its financial status and can only be described as vexatious.

## CONCLUSION

Plaintiff's request for a court order dismissing this case without prejudice is DENIED.  Not later than **Friday, June 14, 2024**, Plaintiff must either (a) file a notice of voluntary dismissal with prejudice, or (b) file a letter proposing a jointly-agreed upon briefing schedule to address the threshold service, jurisdiction, and venue issues.

**SO ORDERED.**

Date:  June 4, 2024
       New York, New York

_____
VALERIE CAPRONI
United States District Judge

4