UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DILIGENT ENTERPRISE MANAGEMENT, INC.,

                *Plaintiff*,                Case No. 24-CV-2228 (VEC)

        - against -

AML GLOBAL ECLIPSE, LLC, DWC PINE
INVESTMENTS I, LTD., ALAN KLAPMEIER,
JAMES CARROLL, STEVE SERFLING, RJ
SIEGLE, and MIKE WYSE,

                *Defendants.*
------------------------------------------------------------------x

## DECLARATION OF DARRYL GRAHAM

I, Darryl R. Graham, do hereby declare the following under penalty of perjury:

1. I am a partner with the law firm Akerman LLP ("Akerman", collectively "Counsel"), serving as counsel for Plaintiff Diligent Enterprise Management, Inc. ("Plaintiff"). I submit this declaration in support of Counsel's motion to withdrawal as counsel for Plaintiff ("Motion"), as required pursuant to Local Civil Rule 1.4.

2. This action relates to various New York common law claims against various defendants. Plaintiff recently commenced the instant matter and it was subsequently removed to this Court. With respect to served defendants, none have answered or filed substantive motions, at least one defendant is challenging or intends to challenge service, and, at present, no schedule has been entered in this matter and it is otherwise not on the Court's trial schedule. At present, the only deadline is from the Court's Order, dated June 4, 2024, directing Plaintiff to either dismiss its case with prejudice or to submit a schedule for proceeding with this action by Friday, June 14, 2024. [ECF No. 17].

3.      Due to various reasons outlined below, Counsel requests that this Court enter an order granting it leave to withdrawal as counsel for Plaintiff and relieving Counsel from any further responsibility in this matter.

4.      On June 11, 2024, Counsel informed Plaintiff of the anticipated filing of this Motion, and Counsel and Plaintiff had a subsequent telephone conference on June 12, 2024 to discuss this Motion. On June 13, 2024, Plaintiff's representative followed up by e-mail and directed Counsel to "proceed with preparing the withdrawal." A true and correct redacted copy of this e-mail is attached as **Exhibit 1**.

5.      Local Rule 1.4, titled "Withdrawal or Displacement of Attorney of Record" provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

6.      In addition, the New York Rules of Professional Conduct, specifically Rule 1.16, outlines the bases for terminating representation. *See generally* NYRPC rule 1.16; *see also Steele v. Bell*, No. 11 Civ. 9343 (RA), 2012 WL 2986870, at *2 n. 1 (S.D.N.Y. Dec. 19, 2012) ("The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts.").

7.      Counsel moves to withdrawal because Plaintiff has accrued and currently owes Counsel a significant outstanding balance relating to incurred fees and costs that Plaintiff has failed to pay after repeated requests for payment. *See* NYRPC Rule 1.16(c)(5). Counsel is unable to elaborate further as to Plaintiff's deliberate and continued failure to pay Counsel the outstanding

fees it agreed to pay as part of Counsel's representation, other than to refer to Plaintiff's recent submission attached to its letter motion to dismiss without prejudice. [ECF No. 15, pp. 5-6]. Further, Counsel moves to withdrawal as counsel because Plaintiff and Counsel have a fundamental disagreement about how to conduct this litigation, in particular in response to the Court's June 4, 2024 Order, and extraneous circumstances have arisen that render Counsel's continued representation of Plaintiff unreasonably difficult to carry out effectively. *See* NYRPC Rule 1.16(c)(4), (7). Finally, as noted above, and based on Plaintiff's e-mail to Counsel, Plaintiff consents to the withdrawal. *Id.* at Rule 1.16(c)(10).[1]

8.      Plaintiff retained Counsel pursuant to its standard engagement agreement that requires prompt payment for fees and costs accrued based on Counsel's hourly rate. However, Plaintiff has failed to remit payment for Counsel's services since August 2023. On or about April 12, 2024, Counsel sent Plaintiff an invoice of then current balance, both by mail and e-mail (as is not normal method of communication), and Plaintiff failed to remit payment. As reflected in that invoice, the then outstanding balance owed was approximately $175,000. A true and correct redacted copy of the invoice is attached as **Exhibit 2**. Since then, Counsel and Plaintiff have had several communications regarding the outstanding balance and the possibility – as confirmed in the Court's recent order – of continued litigation and thus significant additional fees. Plaintiff has not disputed that the fees incurred are owed, but nevertheless has failed to remit payment. On June 12 and June 13, Plaintiff reconfirmed that payment of the outstanding balance would not be made. *See also generally* [ECF No. 15]. In light of this Court's recent order, the significant future fees and costs necessary to continue litigating this dispute, the significant outstanding balance owed,

---

[1] Courts recognize that "Plaintiff's consent to [counsel's] withdrawal [is] sufficient" to great leave to withdraw. *See, e.g., TufAmerica, Inc. v Codigo Music LLC*, 11 CIV. 1434 (ER), 2017 WL 3475499, at *7 (SDNY Aug. 11, 2017).

76792299;1

and Plaintiff's representation regarding payment, Counsel is unable to remain as counsel for Plaintiff and will suffer prejudice and significant financial hardship if it were obligated to continue representing Plaintiff.

9. "Non-payment of legal fees constitutes a 'satisfactory reasons' for allowing withdrawal." *First Capital Estate Invs., LLC v. SDDCO Brokerage Advisors, LLC*, No. 18-CV-2013 (JGK) (KNF), 2020 WL 1866047, at *2 (S.D.N.Y. Apr. 14, 2020); *see also Century Jets Aviation, LLC v. Alchemist Jet Air, LLC,* Nos. 08 Civ. 9892, 09 Civ. 7659, 2009 WL 4035642, at *2 (S.D.N.Y. Nov. 23, 2009) ("It is well-settled that non-payment of counsel fees is a proper basis for withdrawal."); *Melnick v. Press*, No. 06 CV 6686, 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009) ("[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4.").

10. Putting that issue aside, Plaintiff and Counsel fundamentally disagree about how to proceed with this action including, among other things, with regards to the Court's June 4, 2024 Order and compliance with same. And, based on recently learned circumstances (that Counsel submits should remain confidential[2]), Counsel's ability to continue to represent Plaintiff – even if

---

[2] Counsel can disclose these issues to the Court *in camera* or via a submission under seal, if necessary. "[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw." *Weinberger v. Provident Life & Cas. Inc. Co.* No. 97 Civ. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) (citing *Rophaiel v. Alken Murray Corp.,* 94 Civ. 9064, 1997 WL 3274, at *1 (S.D.N.Y. Jan. 3, 1997) (indicating that in camera consideration of papers supporting motion to withdraw as counsel is proper by directing "counsel … to file submissions with the Court for review in camera").

76792299;1

payment was made – has become unreasonably difficult.  In the aggregate, these issues create irreconcilable differences between Counsel and Plaintiff, which satisfies the "satisfactory reasons" basis for withdrawal.  *See DeBruhl v. Keyes*, 23-CV-06324 (GRB) (JMW), 2024 WL 2832847, at *3 (E.D.N.Y. June 4, 2024) ("When a client makes it unreasonably difficult for an attorney to effectively carry out representation, as alleged here, sufficient grounds exist to justify permissive withdrawal under the rules."); *United States v. Up to $6,100,000 on Deposit,* No. 07 Civ. 4430(RJS), 2009 WL 1809992, at *5 (S.D.N.Y. June 24, 2009) ("Withdrawal is also appropriate when irreconcilable differences exist between client and counsel.").

11.   Counsel intends to enforce its statutory right to a charging lien and reserves its right to exercise that right at an appropriate time.  *See* Judiciary Law § 475; *Klein v. Eubank*, 87 N.Y.2d 459 (1996) ("[W]e conclude that an attorney need not be counsel of record at the time the judgment or settlement fund is created in order to be entitled to the lien afforded by Judiciary Law § 475").

12.   Based on the foregoing, Counsel submits that good cause and satisfactory reasons for the Court to determine that Counsel can no longer represent Plaintiff and that this Motion should be granted.

13.   Plaintiff has informed Counsel that its US-based representative is currently in China for personal/family reasons and would appreciate the maximum amount of time possible find replacement counsel.  Counsel has advised Plaintiff that it must retain new counsel as soon as possible, but Counsel otherwise defers to the Court's sound discretion as to an appropriate period of time.

14.   Because the case remains in its infancy, there has been no discovery, and no trial is scheduled, there is no prejudice to Plaintiff.  *See Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12 Civ. 7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan 29, 2013).  Likewise, there should be

no prejudice to Defendants based on Counsel's withdrawal or the granting of an appropriate period for Plaintiff to retain new counsel. Defendants do not seek affirmative relief in this action and any issues that need to be presented to the Court can be done once new counsel appears for Plaintiff.

15. In accordance with Local Civil Rule 1.4, Counsel is serving this Motion on Plaintiff at the e-mail address utilized to date for all communications with Plaintiff (adamame618@gmail.com), and a copy shall be served on counsel for Defendants by CM/ECF.

16. Counsel has conferred with counsel for the Defendants. However, at the time of filing, they have not responded as to whether they take a position regarding this Motion.

17. For the foregoing reasons, Counsel respectfully requests that Akerman and Darryl R. Graham, Esq. be permitted to withdraw as counsel, and that Plaintiff be granted an appropriate period of time to retain new counsel.

Dated: New York, New York
       June 14, 2024

                                            */s/ Darryl R. Graham*
                                            Darryl R. Graham

76792299;1