UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DILIGENT ENTERPRISE MANAGEMENT, LLC,

                             Plaintiff,

            - against -                                    1:24-cv-02228-VEC

AML GLOBAL ECLIPSE, LLC, DWC PINE
INVESTMENTS I, LTD., ALAN KLAPMEIER, JAMES
CARROLL, STEVE SERFLING, RJ SIEGLE, and MIKE
WYSE,

                             Defendants.

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF THEIR CROSS-MOTION TO TRANSFER

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ......................................................................................................................... 1

I.     Transfer Is Proper Under 28 U.S.C. §§ 1404(a) and 1412. ............................................ 1

     A.     Plaintiff Misstates the Operative Trigger for § 1412 Applicability. ....................... 1

     B.     Section 1412 Governs Defendants' Transfer Request Because Plaintiff Advances "Core" Claims "Arising in" Bankruptcy. ................................................ 2

     C.     Defendants Satisfy the §§ 1404 and 1412 Transfer Requirements. ....................... 7

          (1)     This Action Could Have Been Brought in the District of Delaware. ......... 8

          (2)     The Interests of Convenience and Justice are Served by Transfer. ........... 9

CONCLUSION .................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re AFY, Inc.*,
    902 F.3d 884 (8th Cir. 2018) ..................................................................................3

*Am. Nat'l Red Cross v. S.G.*,
    505 U.S. 247 (1992)..............................................................................................3

*Argosy Cap. Grp. III, L.P. v. Triangle Cap. Corp.*,
    2019 WL 140730 (S.D.N.Y. Jan. 9, 2019) .......................................................8, 10

*Baker v. Simpson*,
    613 F.3d 346 (2d Cir. 2010)..................................................................................3

*In re Brooks Mays Music Co.*,
    363 B.R. 801 (Bankr. N.D. Tex. 2007)..................................................................3

*In re Casual Male Corp.*,
    317 B.R. 472 (Bankr. S.D.N.Y 2004)....................................................................3

*Cnty. of San Mateo v. Chevron Corp.*,
    32 F.4th 733 (9th Cir. 2022) ..................................................................................3

*In re Colony Hill Assocs.*,
    111 F.3d 269 (2d Cir. 1997)........................................................................4, 7, 10

*Credit Suisse AG v. Appaloosa Inv. Ltd. P'ship I*,
    2015 WL 5257003 (S.D.N.Y. Sept. 9, 2015)..............................................2, 9, 10

*Delaware Tr. Co. v. Wilmington Tr., N.A.*,
    534 B.R. 500 (S.D.N.Y. 2015)..............................................................................5

*Deutsche Oel & Gas S.A. v. Energy Cap. Partners Mezzanine Opportunities Fund
    A, LP*, 2020 WL 5814233 (S.D.N.Y. Sept. 30, 2020)..........................................8, 9

*EPIC Educ. Projects & Info. Consultant Ctr., Inc. v. Dwelling House Sav. & Loan
    Ass'n*, 139 F. App'x 388 (3d Cir. 2005) ...............................................................3

*FameFlynet, Inc. v. Jasmine Enters., Inc.*,
    2017 WL 11715487 (S.D.N.Y. June 16, 2017) .....................................................8

*ICICI Bank Ltd. v. Essar Glob. Fund Ltd.*,
    565 B.R. 241 (S.D.N.Y. 2017)...........................................................................2, 7

*In re Iridium Operating LLC*,
    285 B.R. 822 (S.D.N.Y. 2002)........................................................................................8, 9

*Keawsri v. Ramen-Ya Inc.*,
    2022 WL 3152572 (S.D.N.Y. Aug. 8, 2022) .........................................................................9

*In re Kirwan Offs. S.a.R.L.*,
    792 F. App'x 99 (2d Cir. 2019) .............................................................................................6

*Lothian Cassidy, LLC v. Lothian Expl. & Dev. II, L.P.*,
    487 B.R. 158 (S.D.N.Y. 2013)............................................................................................6, 7

*In re Manville Forest Prod. Corp.*,
    896 F.2d 1384 (2d Cir. 1990)...........................................................................................4, 8, 9

*In re Murray Energy Holdings Co.*,
    662 B.R. 604 (Bankr. S.D. Ohio 2024)..................................................................................3

*Onewoo Corp. v. Hampshire Brands, Inc.*,
    566 B.R. 136 (Bankr. S.D.N.Y. 2017) ...................................................................................2

*Peralta v. CB Hosp. & Events, LLC*,
    2024 WL 916523 (S.D.N.Y. Mar. 4, 2024) ..........................................................................9

*In re Petrie Retail, Inc.*,
    304 F.3d 223 (2d Cir. 2002).....................................................................................................2

*Porretto v. City of Galveston Park Bd. of Trs.*,
    113 F.4th 469 (5th Cir. 2024) .................................................................................................3

*Rosen v. Ritz-Carlton Hotel Co. LLC*,
    2015 WL 64736 (S.D.N.Y. Jan. 5, 2015) ............................................................................10

*Rusis v. Int'l Bus. Machs. Corp.*,
    529 F. Supp. 3d 178 (S.D.N.Y. 2021).....................................................................................9

*Scherillo v. Dun & Bradstreet, Inc.*,
    684 F. Supp. 2d 313 (S.D.N.Y. 2010).....................................................................................8

*Smartmatic USA Corp. v. Dominion Voting Sys. Corp.*,
    2013 WL 5798986 (S.D.N.Y. Oct. 22, 2013) .....................................................................7, 9

*Stern v. Marshall*,
    564 U.S. 462 (2011)..................................................................................................................2

*In re Tronox*,
    603 B.R. 712 (S.D.N.Y. 2019)............................................................................................3, 5

*Winstar Holdings, LLC v. Blackstone Grp. L.P.*,
   2007 WL 4323003 (S.D.N.Y. Dec. 10, 2007) ...................................................................5, 7

*XL Sports, Ltd. v. Lawler*,
   49 F. App'x 13 (6th Cir. 2002) ...............................................................................................3

**Statutes**

11 U.S.C. § 363(m) ..........................................................................................................................4

28 U.S.C. § 1331 ..............................................................................................................................3

28 U.S.C. § 1334 ..............................................................................................................................3

28 U.S.C. § 1404 .................................................................................................................... *passim*

28 U.S.C. § 1409(a) ......................................................................................................................8, 9

28 U.S.C. § 1412 .................................................................................................................... *passim*

28 U.S.C. § 1452 ..............................................................................................................................3

Defendants AML Global Eclipse, LLC ("AML Global"), DWC Pine Investments I, Ltd. ("DWC Pine"), and Alan Klapmeier, James Carroll, Steve Serfling, RJ Siegle, and Mike Wyse (the "Individual Defendants"), respectfully submit this reply memorandum of law in further support of their cross-motion to transfer.[1]

## PRELIMINARY STATEMENT

This case originates from the Delaware Bankruptcy Court and should be heard by the Delaware Bankruptcy Court. Plaintiff's claims are core proceedings that attack the integrity of the ONE Aviation bankruptcy proceedings that have been pending in the Delaware Bankruptcy Court since 2018, and otherwise implicate core bankruptcy functions. As such, the federal courts have "arising in" (and "related to") jurisdiction over the claims. The interests of justice and convenience, and the strong presumption that bankruptcy proceedings should be heard in the district where the underlying bankruptcy was adjudicated, militate in favor of sending these proceedings back to Delaware. Defendants, therefore, respectfully ask the Court to transfer the case to the District of Delaware, where it will be referred to the Delaware Bankruptcy Court for resolution.

## ARGUMENT

### I.    TRANSFER IS PROPER UNDER 28 U.S.C. §§ 1404(a) AND 1412.

#### A.    Plaintiff Misstates the Operative Trigger for § 1412 Applicability.

Plaintiff's attempt to remove this case from the ambit of 28 U.S.C. § 1412 fails. Pl's Mem. in Further Support of Pl's Mot. to Remand & in Opposition to Defs' Cross-Motion to Transfer ("Pl's Reply & Opp.") at 19, ECF No. 55. Plaintiff relies on a single case for the proposition that

---

[1] Capitalized terms not defined herein retain the definitions provided in Defendants' Memorandum of Law in Opposition to the Motion to Remand and in Support of Cross-Motion to Transfer ("Defendants' Memorandum" or "Defs' Mem."), ECF No. 48. References to "Ex. __" refer to the exhibits attached to the Keats Declaration, ECF No. 49. All citations, internal quotations, and alterations are omitted unless otherwise noted. Emphasis is added in bold italics and alterations are in brackets. Citations to ECF filings refer to the ECF-generated pagination.

"Section 1412 applies *only* to cases "'arising under' the Bankruptcy Code[.]" *Id.* (citing *Onewoo Corp. v. Hampshire Brands, Inc.*, 566 B.R. 136, 140 (Bankr. S.D.N.Y. 2017)). But *Onewoo* makes clear that "Section 1412 applies to bankruptcy cases *and core proceedings*" while "Section 1404(a) applies to non-core matters[.]" 566 B.R. 136 at 140 (citing *Credit Suisse AG v. Appaloosa Inv. Ltd. P'ship I*, 2015 WL 5257003, at *6-7 (S.D.N.Y. Sept. 9, 2015) (Scheindlin, J.)); *see id.* ("Section 1412 [applies] to *core proceedings* that arise under the Bankruptcy Code") (citing *ICICI Bank Ltd. v. Essar Glob. Fund Ltd.*, 565 B.R. 241, 247-49 (S.D.N.Y. 2017) (Woods, J.)). Moreover, *ICICI Bank* explained that "[t]ransfer of venue for non-core proceedings is governed by 28 U.S.C. § 1404(a)" while transfer "for core proceedings as well as bankruptcy petitions themselves, on the other hand, is governed by 28 U.S.C. § 1412." 565 B.R. at 248. As such, any core proceeding—not just those "arising under" title 11—are governed by § 1412.

The Second Circuit has given the phrase "core proceedings" "a broad interpretation that is 'close to or congruent with constitutional limits.'" *In re Petrie Retail, Inc.*, 304 F.3d 223, 229 (2d Cir. 2002) (explaining that "Congress realized that the bankruptcy court's jurisdictional reach was essential to the efficient administration of bankruptcy proceedings and intended that the 'core' jurisdiction would be construed as broadly as possible"). While the United States Supreme Court has explicitly held "core proceedings are those that *arise in a bankruptcy case* or under Title 11." *Stern v. Marshall*, 564 U.S. 462, 476 (2011). Accordingly, the transfer analysis for claims arising in bankruptcy is appropriately governed by § 1412. *See* Defs' Mem. at 18-23; *infra*, § I.B.

### B.    Section 1412 Governs Defendants' Transfer Request Because Plaintiff Advances "Core" Claims "Arising in" Bankruptcy.

Plaintiff advances a narrow—and incorrect—recitation of the "arising in" jurisdictional standard. Pl's Reply & Opp. at 9. Once again relying on a soundbite from a single case, Plaintiff argues that "[a] claim 'arises in' bankruptcy if, by its very nature, the claim can only be brought

in a bankruptcy case because it has no existence outside of bankruptcy." *Id.* (quoting *In re Casual Male Corp.*, 317 B.R. 472, 474-481 (Bankr. S.D.N.Y 2004)). However, even *Casual Male* applied a broader "would have no practical existence but for the bankruptcy" standard to conclude that arising in jurisdiction existed in that case. 317 B.R. at 476. Indeed, *Casual Male* favors Defendants. In that case, the plaintiff filed a breach of contract claim against a defendant that allegedly agreed to, but did not, sell the plaintiff a claim the defendant held against chapter 11 debtors. *Id.* at 475. The court held that arising in jurisdiction existed because "[i]f the Debtors had not filed bankruptcy petitions, there would be no claims against the estate to sell." *Id.* at 476-77. The bases for arising in jurisdiction are even stronger here, where Plaintiff's claims "question whether orders entered in [the] bankruptcy case[] were proper or were instead the result of misconduct," *In re Tronox*, 603 B.R. 712, 721 (Bankr. S.D.N.Y. 2019), *aff'd sub nom. In re Tronox Inc.*, 2022 WL 16753119 (2d Cir. Nov. 8, 2022), and therefore challenge "the integrity of the entire bankruptcy process," *Baker v. Simpson*, 613 F.3d 346, 351 (2d Cir. 2010).[2]

Plaintiff further argues that "Defendants attempt to bootstrap 'arising in' jurisdiction with broad generalizations [about] Plaintiff's claims" (Pl's Reply & Opp. at 9)—wholly ignoring the Second Circuit's instruction that "[t]he relevant inquiry is whether ***the nature of this adversary***

---

[2] Plaintiff's attempt to invoke the well-pleaded complaint rule as an impediment to arising in jurisdiction is a red herring. Pl's Reply & Opp. at 15. "There is an obvious issue" with Plaintiff's argument: the "well-pleaded complaint rule applies only to 'arising under' jurisdiction pursuant to 28 U.S.C. § 1331[.]" *In re Murray Energy Holdings Co.*, 662 B.R. 604, 615 (Bankr. S.D. Ohio 2024) (quoting *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 257 (1992)). The rule has no salience in this case—which was removed pursuant to 28 U.S.C. §§ 1334 and 1452. ECF No. 1 at 1; *see In re Brooks Mays Music Co.*, 363 B.R. 801, 815-16 (Bankr. N.D. Tex. 2007) ("[T]he well pleaded complaint rule, actually, has very limited significance in a bankruptcy removal context" because "[b]ankruptcy jurisdiction extends farther than 28 U.S.C. § 1331 and other 'arising under' jurisdictional statutes."); *In re AFY, Inc.*, 902 F.3d 884, 889 (8th Cir. 2018) (well-pleaded complaint rule "inapplicable" because "bankruptcy court [] invoked jurisdiction based on § 1334" and rule "applies only to jurisdiction based on § 1331"); *see also e.g.*, *Porretto v. City of Galveston Park Bd. of Trs.*, 113 F.4th 469, 487-88 (5th Cir. 2024) (discussing well-pleaded complaint rule in context of § 1331 jurisdiction, but not bankruptcy jurisdiction); *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 746-48, 760-63 (9th Cir. 2022) (same), *cert. denied sub nom. Chevron Corp. v. San Mateo Cnty.*, 143 S. Ct. 1797 (2023); *EPIC Educ. Projects & Info. Consultant Ctr., Inc. v. Dwelling House Sav. & Loan Ass'n*, 139 F. App'x 388, 390-91 (3d Cir. 2005) (same); *XL Sports, Ltd. v. Lawler*, 49 F. App'x 13, 17-20 (6th Cir. 2002) (same). Assuming the well-pleaded complaint rule did apply, it is satisfied by the Complaint's extensive discussion of the Bankruptcy Case. *See* Defs' Mem. at 24.

*proceeding*, rather than the state or federal basis for the claim, falls within the core of federal bankruptcy power." *In re Manville Forest Prod. Corp.*, 896 F.2d 1384, 1389 (2d Cir. 1990). As a result, Plaintiff's effort to sidestep arising in jurisdiction by presenting its claims as garden variety state law causes of action (Pl's Reply & Opp. at 10-13) fails as a matter of fact and law.

> ***Plaintiff's tortious interference and civil conspiracy claims attack the integrity of the sale order proceedings in the Bankruptcy Case.*** Plaintiff tries to recast its tortious interference and civil conspiracy claims to remove any connection to the Bankruptcy Case. Pl's Reply & Opp. at 11-12. To no avail. The Complaint belies those sanitation efforts, specifically alleging:

- "Because AML and DW were colluding with one another to effectively freeze Citiking out of the bidding process by eliminating the opportunity to credit bid, DW did not offer Citiking the right of first refusal to match AML's offer as required under the Intercreditor Agreement," Compl. ¶ 112;

- "DW and AML conspired together to eliminate credit bidding at the auction in the Debtors' Bankruptcy Case for the purpose of enabling AML to purchase the Debtors' assets at far below market value and DW to recover on the Second Tranche Loans through the sale of the loans to AML," *id.* ¶ 115;

- "Upon information and belief, DW and AML devised a scheme whereby they sought to eliminate Citiking's right to credit bid and did so by violating the rights owed to Citiking under the Intercreditor Agreement," *id.* ¶ 119;

- "The conspiracy between AML and DW is evidenced by AML's inexplicable and nonsensical purchase of the Second Tranche Loans and the elimination of the credit bid, without objection from DW," *id.* ¶ 120.

Plaintiff's conspiracy and collusion allegations echo those advanced in *In re Colony Hill Associates*, 111 F.3d 269, 274-77 (2d Cir. 1997), a case that, tellingly, revolved around whether the bankruptcy court erred in finding the successful bidder was a good faith purchaser under 11 U.S.C. § 363(m). Citiking has already fully litigated and lost its credit bid and other sale process objections in the Delaware Bankruptcy Court, the Delaware District Court, and the Third Circuit. *See* Defs' Mem. at 13-15. There can be no doubt that Plaintiff's further challenges in this action "call into question the 'intrinsic fairness' of the sale hearing," *Colony Hill*, 111 F.3d at 274, and

implicate the Bankruptcy Court's "vital interest in policing the integrity of the bankruptcy process in general, and of the sales of estate assets under the court's supervision in particular," *Winstar Holdings, LLC v. Blackstone Grp. L.P.*, 2007 WL 4323003, at \*5 (S.D.N.Y. Dec. 10, 2007) (Lynch, J.) (finding that arising in jurisdiction existed). Because these claims "functionally challenge the outcomes of bankruptcy cases," *Tronox*, 603 B.R. at 721, arising in jurisdiction lies.

***Plaintiff's breach of contract claims similarly attack the integrity of the sale order proceedings in the Bankruptcy Case.*** Plaintiff's breach of contract claims merely are another vehicle to advance the theories embodied in its tortious interference and civil conspiracy claims. *Compare* Compl. ¶¶ 89-107 (setting forth breach of contract claims premised on DWC Pine's sale of certain "Second Tranche Loans" to AML Global)*, with id.* ¶¶ 81-82 (alleging that "while AML and the Debtors were negotiating the bidding procedures, AML was also negotiating with DW to acquire the Second Tranche Loans" in furtherance of a "multi-layer conspiracy between AML and DW [] designed to freeze Citiking out by stripping it of its ability to credit bid"). Therefore, for the reasons described *supra*, Plaintiff's breach of contract claims also fall within the broad contours of arising in jurisdiction. *See Winstar*, 2007 WL 4323003, at \*5; *Tronox*, 603 B.R. at 721.

Further, Plaintiff concedes the Letter Agreement "was entered into during the pendency of the bankruptcy" (Pl's Reply & Opp. at 10), though omits to mention the agreement was integral to resolving an eight-month impasse in the Bankruptcy Case (*see* Defs' Mem. at 10). And while the Intercreditor and Continuing Obligations Agreements may predate the bankruptcy proceedings (Pl's Reply & Opp. at 10), the dispute regarding those contracts emerged ***during*** the Bankruptcy Case. *See Delaware Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500, 514 (S.D.N.Y. 2015) (Engelmayer, J.) (finding arising in jurisdiction over contract claim where relevant intercreditor contract predated the bankruptcy because, "[g]iven this dispute's origins and nature, it could only

have arisen during, and in connection with, ongoing bankruptcy proceedings."). Finally, Citiking "voluntarily presented" its Intercreditor Agreement claim by filing objections premised on that agreement in the Bankruptcy Case. *See In re Kirwan Offs. S.a.R.L.*, 792 F. App'x 99, 103-104 (2d Cir. 2019) (party "implicitly consented to the bankruptcy court's jurisdiction" when he "presented at least some of his [] claims to the bankruptcy court"); *see* Defs' Mem. at 15-16.

> ***Plaintiff's fraud-based claims are extensions of, and should be heard in, the Bankruptcy Case.*** Plaintiff admits that its fraud-based claims primarily allege that "the Individual Defendants, who were directors and offices of the Debtor … made misrepresentations to induce Plaintiff to loan funds to the Debtor[.]" Pl's Reply & Opp. at 12. Plaintiff, thus, concedes that three of its fraud-based claims (Counts VI, VII, and IX) target the Individual Defendants' conduct ***as employees of the Debtors***. This concession is significant because Debtors could only act through their agents (*i.e.*, the Individual Defendants) and a plaintiff cannot avoid federal jurisdiction by strategically omitting the debtor from its complaint. *E.g.*, *Lothian Cassidy, LLC v. Lothian Expl. & Dev. II, L.P.*, 487 B.R. 158, 162 (S.D.N.Y. 2013) (Marrero, J.) (arising in jurisdiction existed where complaint named only "non-debtors as defendants").

Plaintiff seeks to avoid this Court's arising in jurisdiction by downplaying the testimony provided during the Bankruptcy Case on the topics that form the basis of Counts VI and VII. Pl's Reply & Opp. at 12. Plaintiff claims the Delaware Bankruptcy Court "did not determine whether the Individual Defendants had made fraudulent misrepresentations concerning the use of the funds," *id.*, but fails to identify any case law that requires a bankruptcy court to opine on the precise legal question raised by a state law complaint. The *Lothian Cassidy* court, however, explained that arising in jurisdiction is proper where "significant connections" exist between the state law complaint and bankruptcy case, for example, where "the Bankruptcy Court has already issued a

number of other rulings covering much of the **subject matter** at issue in this action[.]" 487 B.R. at
163. Plaintiff does not dispute (nor could it) that the Delaware Bankruptcy Court's ruling on the
"motion to seek alternative funding" covered "much of the subject matter" alleged in Counts VI
and VII. *See* Ex. 13 at 36:4-14 (Judge Sontchi ruling on interim DIP funding: "I think and find that
Mr. Carroll and Mr. Clark's testimony" during evidentiary hearing "was thorough, persuasive,
truthful, frank, and correct, really, in all aspects" while Citiking's witness "was inconsistent and
then many facts simply unbelievable"); Defs' Mem. at 11-12 (collecting testimony).

Plaintiff's remaining fraud-based claim also fits comfortably within the Court's arising in
jurisdiction. Whether one of Debtors' directors was attempting to offer bankruptcy estate assets
outside of the bankruptcy process—as Plaintiff alleges in Count VIII—"if proven, would call into
question the 'intrinsic fairness' of the" proceedings. *Colony Hill*, 111 F.3d at 274. The Delaware
Bankruptcy Court has a "vital interest in policing the integrity of the bankruptcy process" and
should adjudicate in the first instance whether there was an attempt to pull the wool over the eyes
of the Delaware Bankruptcy Court. *Winstar*, 2007 WL 4323003, at *5.

In sum, each of Plaintiff's claims invokes this Court's arising in jurisdiction.[3] As a result,
each claim is a core proceeding that is properly analyzed for transfer under § 1412.

### C.    Defendants Satisfy the §§ 1404 and 1412 Transfer Requirements.

While the transfer standards under 28 U.S.C. §§ 1404 and 1412 are "substantially the
same," *ICICI Bank*, 565 B.R. at 256-57, there are at least two notable differences. First, "the district
in which the underlying bankruptcy case is pending is presumed to be the appropriate district for
hearing and determination of a proceeding in bankruptcy." *Smartmatic USA Corp. v. Dominion
Voting Sys. Corp.*, 2013 WL 5798986, at *3 (S.D.N.Y. Oct. 22, 2013) (Forrest, J.). Second, the

---

[3] This Court also has "related to" jurisdiction over Plaintiff's claims. *See* Defs' Mem. at 18, 23-24.

movant's burden under § 1412 is reduced to a preponderance of the evidence. *Manville Forest*, 896 F.2d at 1390. Defendants, therefore, must show by a preponderance of the evidence and with the benefit of a powerful presumption that (i) this action could have been brought in the proposed forum, *see FameFlynet, Inc. v. Jasmine Enters.*, *Inc.*, 2017 WL 11715487, at *1 (S.D.N.Y. June 16, 2017) (Caproni, J.); and (ii) the requested "transfer would promote the convenience of parties and witnesses and would be in the interests of justice," *Scherillo v. Dun & Bradstreet, Inc.*, 684 F. Supp. 2d 313, 317 (S.D.N.Y. 2010) (Bianco, J.). Defendants' burden is amply satisfied.

(1)    This Action Could Have Been Brought in the District of Delaware.

It is blackletter law that a "proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such [title 11] case is pending." 28 U.S.C. § 1409(a). Plaintiff does not contest that § 1409(a) satisfies the first step of the transfer analysis. Instead, Plaintiff ignores the statute and argues that this action could not have been brought in the District of Delaware "due to the mandatory forum selection clauses in the relevant contracts underlying Counts I-III of the Complaint." Pl's Reply & Opp. at 20. Not so. While "there is a strong policy favoring the enforcement of forum selection clauses in this Circuit, this policy is not so strong as to mandate that forum selection clauses be adhered to where the dispute is core." *In re Iridium Operating LLC*, 285 B.R. 822, 836-37 (S.D.N.Y. 2002) (Pauley, J.) (keeping case in same district "underlying bankruptcy case is being adjudicated" advanced "the interests of justice and the public interest in the centralization of all bankruptcy proceedings"); *see also Deutsche Oel & Gas S.A. v. Energy Cap. Partners Mezzanine Opportunities Fund A, LP*, 2020 WL 5814233, at *14 (S.D.N.Y. Sept. 30, 2020) (Abrams, J.) (granting § 1412 transfer because forum selection clause was "not dispositive"); *Argosy Cap. Grp. III, L.P. v. Triangle Cap. Corp.*, 2019 WL 140730, at *8 (S.D.N.Y. Jan. 9, 2019) (Ramos, J.) (holding that "strong relationship between Plaintiffs' action and core bankruptcy functions suffices to overcome the presumptive enforceability of the

forum-selection clause."); *Credit Suisse*, 2015 WL 5257003, at *10-11 (declining to enforce forum selection clause because doing so would "undercut the power of the Bankruptcy Court" and therefore "not serve the interests of justice"). Plaintiff's claims constitute core proceedings and implicate core bankruptcy functions; the forum selection clauses, therefore, must give way.[4]

Plaintiff concedes "the fact that [AML Global and the Individual Defendants] [a]re not bound by the forum selection clauses" contained in the "contracts between Plaintiff and DWC Pine[.]" Pl's Reply & Opp. at 21. Plaintiff's pivot to personal jurisdiction falls flat. For purposes of a transfer analysis, whether Plaintiff sufficiently pleaded personal jurisdiction over AML Global and the Individual Defendants in New York is irrelevant. The relevant inquiry is whether Plaintiff's claims against AML Global and the Individual Defendants could have been brought in the District of Delaware, where the Bankruptcy Case is pending. *See Deutsche Oel*, 2020 WL 5814233, at *13. Section 1409(a) definitively provides that the answer to that inquiry is *yes*. Plaintiff has no grounds to force AML Global and the Individual Defendants to litigate in New York.

          (2)    The Interests of Convenience and Justice are Served by Transfer.

"The 'interest of justice' component of § 1412 is a broad and flexible standard," *Manville Forest*, 896 F.2d at 1391, that dispositively favors transfer in this case. Plaintiff offers no reason to ignore the presumption that core proceedings should be heard where the underlying bankruptcy case is pending. *See id.*; *Smartmatic*, 2013 WL 5798986, at *3; *Iridium*, 285 B.R. at 835-36.

---

[4] Plaintiff raises for the first time in its reply on the Remand Motion the issue of a partial equitable remand. Pl's Reply & Opp. at 17-18. Plaintiff does not develop this theory—positing, but failing to explain why (particularly since the forum selection clauses on which Plaintiff relies so heavily each provide, *e.g.*, for "jurisdiction of the federal *or* state courts located in the Borough of Manhattan," *see* Pl's Mem. at 10-12), partial remand of its contract claims against DWC Pine would be appropriate. In any event, the Court should decline to consider this issue because "[t]he general rule in this circuit is that issues may not be raised for the first time in reply papers." *Rusis v. Int'l Bus. Machs. Corp.*, 529 F. Supp. 3d 178, 207 n.22 (S.D.N.Y. 2021) (Caproni, J.); *see Peralta v. CB Hosp. & Events, LLC*, 2024 WL 916523, at *5-6 (S.D.N.Y. Mar. 4, 2024) (Moses, M.J.) (disregarding "issues and evidence improperly raised for the first time in [] reply" because "[t]his Court, as a general matter, does not consider issues raised in a reply brief for the first time"); *Keawsri v. Ramen-Ya Inc.*, 2022 WL 3152572, at *5 n.8 (S.D.N.Y. Aug. 8, 2022) (Liman, J.) (similar).

Indeed, "[b]y commencing an action in New York—rather than bringing an adversary proceeding or litigating the issues in contested matters in the Bankruptcy Case—plaintiff is asking another court to rule on whether the defendants' conduct in the Bankruptcy Case violates the [Intercreditor Agreement]. That situation is simply untenable." *Credit Suisse*, 2015 WL 5257003, at *11-12 (granting transfer where "action involve[d] issues that either have already been adjudicated by the Bankruptcy Court or will be adjudicated by the Bankruptcy Court"); *see also Argosy*, 2019 WL 140730, at *8 n.11 (the "bankruptcy court plainly has jurisdiction to interpret and enforce its own prior orders, even after a case is dismissed or closed.").

The convenience factors also favor Defendants. Plaintiff does not contest that its choice of forum is entitled to minimal deference, though hints that New York is a more convenient forum. Pl's Reply & Opp. at 24. But that contention rings hollow since Plaintiff is a citizen of Delaware (not New York)—just as **none** of the Defendants are New York citizens. Defs' Mem. at 29-30. Further, since Plaintiff's claims arise from the ONE Aviation bankruptcy proceedings that took place and remain pending **in Delaware**, there can be no dispute that the locus of operative facts is Delaware.[5] *Rosen v. Ritz-Carlton Hotel Co. LLC*, 2015 WL 64736, at *4 (S.D.N.Y. Jan. 5, 2015) (Sullivan, J.) (locus of operative facts "is a primary factor in determining a § 1404(a) motion").

## <u>CONCLUSION</u>

For these reasons and the reasons in Defendants' opening papers, Defendants respectfully request that this Court deny Plaintiff's Motion to Remand to State Court, grant Defendants' Cross-Motion to Transfer, and transfer this action to the District of Delaware.

---

[5] Plaintiff posits that where "the negotiation of the pre-petition contracts" between Citiking and DWC Pine took place is relevant to this transfer analysis. Pl's Reply & Opp. at 23. That is incorrect. There are no allegations in the complaint that call into question the pre-petition contract negotiations. Rather, Plaintiff's claims turn on the alleged **breach** of those contracts years later in connection with a supposed "multi-layer conspiracy between AML and DW" that, if true, would "call into question the 'intrinsic fairness' of the" bankruptcy process. *Colony Hill*, 111 F.3d at 274.

Dated:    New York, New York
          November 1, 2024

BAKER & HOSTETLER LLP
DANIEL J. BUZZETTA
ERICA BARROW
MICHAEL A. SABELLA
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200
dbuzzetta@bakerlaw.com
ebarrow@bakerlaw.com
msabella@bakerlaw.com

*Counsel for Defendants Alan Klapmeier,
James Carroll, Steve Serfling, RJ Siegle,
and Mike Wyse*

MCDERMOTT WILL & EMERY LLP
DMITRIY TISHYEVICH
CHELSEA COSILLOS
One Vanderbilt Avenue
New York, NY 10017-3852
Tel: (212) 547-5400 | F: (212) 547-5444
dtishyevich@mwe.com
ccosillos@mwe.com

*Counsel for DWC Pine Investments I, Ltd.*

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

By: _____
           *Michael C. Keats*
           Michael C. Keats

One New York Plaza
New York, New York 10004-1980
(212) 859-8000
michael.keats@friedfrank.com

*Counsel for Defendant
  AML Global Eclipse, LLC*