UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DILIGENT ENTERPRISE MANAGEMENT, LLC,

                Plaintiff,

        - against -

AML GLOBAL ECLIPSE, LLC, DWC PINE
INVESTMENTS I, LTD., ALAN KLAPMEIER, JAMES
CARROLL, STEVE SERFLING, RJ SIEGLE, and MIKE
WYSE,

                Defendants.

1:24-cv-02228-VEC-BCM

---

## MEMORANDUM OF LAW IN SUPPORT OF AML GLOBAL'S MOTION TO HOLD PLAINTIFF IN CIVIL CONTEMPT

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ....................................................................................... 1

FACTUAL BACKGROUND ........................................................................................... 1

ARGUMENT .................................................................................................................... 6

I.      THE COURT SHOULD EXERCISE ITS INHERENT CONTEMPT POWER TO ENFORCE DILIGENT'S COMPLIANCE WITH THE SANCTIONS ORDER .............. 6

        A.     The Sanction Order Is Clear and Unambiguous ....................................... 7

        B.     The Proof of Diligent's Non-Compliance Is Clear and Convincing....................... 7

        C.     Diligent Has Not Diligently Attempted to Comply With the Sanction Order ................................................................................................................. 8

II.     THE COURT SHOULD IMPOSE COERCIVE AND COMPENSATORY SANCTIONS FOR PLAINTIFF'S CONTEMPT ............................................................. 9

        A.     The Court Should Impose a Daily Fine Until Diligent Complies With the Sanctions Order....................................................................................... 9

        B.     The Court Should Order Diligent to Pay Interest on the Sanctions Order............ 10

        C.     The Court Should Order Diligent to Pay AML Global's Attorneys' Fees Incurred in Connection With Bringing the Instant Motion................................. 11

CONCLUSION................................................................................................................ 12

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Alexander*,
2026 WL 74280 (S.D.N.Y. Jan. 9, 2026) ...................................................................6

*Axial Grp., LLC v. Zachert Priv. Equity GmbH*,
2023 WL 8113245 (S.D.N.Y. Nov. 21, 2023)...........................................................10

*Barcia v. Sitkin*,
1997 WL 66785 (S.D.N.Y. Feb. 14, 1997)...........................................................10, 11

*Citibank, N.A. v. McPartland*,
2023 WL 4424352 (S.D.N.Y. July 7, 2023) ........................................................10, 12

*Clissuras v. City Univ. of New York*,
2005 WL 3288097 (S.D.N.Y. Dec. 2, 2005) .............................................................10

*Gucci Am., Inc. v. Li*,
2015 WL 7758872 (S.D.N.Y. Nov. 30, 2015).............................................................12

*M. Harvey Rephen & Assocs., P.C. v. Chase Bank USA, N.A.*,
853 F. App'x 690 (2d Cir. 2021) ............................................................................8, 11

*Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*,
885 F.2d 1 (2d Cir. 1989)............................................................................................11

*Mphasis Corp. v. Rojas*,
2026 WL 300905 (S.D.N.Y. Jan. 13, 2026) ................................................................7

*Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*,
369 F.3d 645 (2d Cir. 2004)......................................................................................6, 8

*Perfect Fit Indus., Inc. v. Acme Quilting Co.*,
673 F.2d 53 (2d Cir. 1982)............................................................................................9

*Powell v. Ward*,
643 F.2d 924 (2d Cir. 1981)..........................................................................................6

*Ramgoolie v. Ramgoolie*,
2020 WL 8838045 (S.D.N.Y. Mar. 16, 2020) .............................................................6

*Utica Coll. v. Gordon*,
389 F. App'x 71 (2d Cir. 2010) ....................................................................................9

*Warner Bros. v. Gay Toys, Inc.*,
    598 F. Supp. 424 (S.D.N.Y. 1984) ..........................................................................................10

*Waterkeeper All. Inc. v. Spirit of Utah Wilderness, Inc.*,
    2020 WL 377951 (S.D.N.Y. Jan. 22, 2020) ............................................................................7

*Weitzman v. Stein*,
    98 F.3d 717 (2d Cir. 1996)................................................................................................9, 11

*Weston Cap. Advisors, Inc. v. PT Bank Mutiara, Tbk*,
    738 F. App'x 19 (2d Cir. 2018) .........................................................................................6, 10

Defendant AML Global Eclipse, LLC ("AML Global") respectfully submits this memorandum of law, together with the accompanying declarations of Elizabeth J. Kalanchoe (the "Kalanchoe Decl.") and Rumrada Suppadit (the "Suppadit Decl."), in support of its motion to hold plaintiff Diligent Enterprise Management, LLC ("Plaintiff" or "Diligent") in civil contempt.

## PRELIMINARY STATEMENT

Diligent's clear disregard for the authority and integrity of the judicial system warrants the exercise of this Court's inherent power to hold contumacious litigants in civil contempt. During the course of this litigation, Diligent has been "unduly vexatious" and engaged in "perplexing behavior" that has "wasted the Court's and the parties' time." As a sanction for this misconduct, Diligent was ordered to pay AML Global $82,067.54 by April 2, 2026. Diligent missed its April 2 deadline. Diligent also missed the April 16 deadline extension that AML Global offered in a good faith attempt to avoid further burdening the Court with this matter. Indeed, as of the date of this filing, Diligent has not paid a single penny of its sanction nor made any attempt to negotiate a payment plan or any other resolution of its obligations to AML Global.

AML Global, therefore, respectfully requests that the Court hold Diligent in contempt for failure to pay the court-ordered sanctions, impose a daily fine to encourage compliance with the sanction order, and order Diligent to pay AML Global daily interest on the sanction amount at the federal rate and AML Global's attorneys fees incurred in connection with bringing this motion.

## FACTUAL BACKGROUND

This case began in June 2023 when Diligent first filed suit against AML Global, DWC Pine Investments I, Ltd., and seven individuals in New York state court asserting a battery of claims "relating to the defendants' [allegedly] wrongful and deceptive conduct with respect to the bankruptcy and asset sale and purchase of One Aviation Corp." Summons at 2, *Diligent Enterprise Management, LLC v. AML Global Eclipse, LLC et al.* ("*Diligent I*"), 1:23-cv-10924-VEC

1

(S.D.N.Y. Dec. 15, 2023), ECF No. 1-1.  On March 15, 2024, in the midst of briefing to resolve threshold matters following the defendants' removal of the action to this Court, Diligent inexplicably dismissed its complaint, *see* Notices of Voluntarily Dismissal, *Diligent I*, ECF Nos. 25-26, "and then filed another lawsuit the same day against many of the same defendants," including AML Global, "asserting the same claims," Opinion and Order at 21, *Diligent Enterprise Management, LLC v. AML Global Eclipse, LLC et al.* ("*Diligent II*"), 1:24-cv-02228-VEC-BCM, ECF No. 60.

Following a status conference before the Court on March 22, 2024, AML Global removed the case to this Court a second time.  *See* Order at 2, *Diligent II*, ECF No. 17.  Although Diligent "represented to the Court that it was willing to proceed with briefing the threshold motions in the new proceeding," Diligent immediately "backtracked on that representation" and sought a ***second*** voluntary dismissal without prejudice.  *Id.*; *see* April 24, 2024 Letter from D. Graham to the Honorable Valerie E. Caproni, *Diligent II*, ECF No. 11.  The Court denied Diligent's request, finding that:

- "Plaintiff has been ***unduly vexatious*** and created duplicative expenses for Defendants, who have had to remove the same lawsuit twice."  Order at 3, *Diligent II*, ECF No. 17 (emphasis added).

- "Plaintiff's ***perplexing behavior*** — voluntarily dismissing the case and then re-filing an identical complaint the same day — required the Court to schedule and conduct a status conference, which further wasted the Court's and the parties' time."  *Id.* at 3 (emphasis added).

- Plaintiff "offered no cogent explanation for its sudden desire to dismiss" the instant (second) action and "[i]ts decision to file a new complaint the very same day undermines its stated concerns about its financial status and ***can only be described as vexatious***."  *Id.* at 3-4 (emphasis added).

The Court ordered that Diligent "either (a) file a notice of voluntary dismissal with prejudice, or (b) file a letter proposing a jointly-agreed upon briefing schedule to address the threshold service, jurisdiction, and venue issues" by no later than June 14, 2024.  *Id.* at 4.  But

2

"Plaintiff neither filed a notice of voluntary dismissal nor a letter proposing a briefing schedule[.]" Order at 1, *Diligent II*, ECF No. 23. Instead, Diligent's counsel moved to withdraw, citing "Plaintiff's deliberate and continued failure to pay Counsel the outstanding fees it agreed to pay as part of Counsel's representation," which as of April 2024 amounted to "approximately $175,000." Declaration of Darryl Graham, *Diligent II*, ECF No. 19. The Court permitted Diligent's counsel to withdraw and stayed the action until July 19, 2024 to afford Diligent time to secure replacement counsel. Order at 2-3, *Diligent II*, ECF No. 23 On its final day to do so—July 19, 2024—Diligent engaged Cassandra Porsch from the gunner*cooke* firm as replacement counsel. *See* Notice of Appearance, ECF No. 26; July 26, 2024 Letter from C. Porsch to the Honorable Valerie E. Caproni at 1, ECF No. 27 (representing that Ms. Porsch "was formally retained by Plaintiff . . . this past Friday morning, July 19, to act as counsel in this matter").

In September 2024, the parties resumed briefing the threshold matters that had been derailed by Diligent's decision six months earlier to voluntarily dismiss and re-file its case. Additionally, in light of Diligent's misconduct, AML Global and certain other defendants moved for sanctions.[1] On May 27, 2025, the Court granted AML Global's motion for sanctions to the extent it sought costs and attorneys' fees under Rule 41(d). Order at 21-23, *Diligent II*, ECF No. 60. In so doing, the Court reiterated that "Diligent's conduct in dismissing and re-filing its lawsuit was 'perplexing' and 'unduly vexatious.'" *Id.* at 22. The Court ordered the parties to "meet and confer in a good faith attempt to resolve the amount due to [AML Global] as attorneys' fees and costs in connection with *Diligent I*." *Id.* at 24.

---

[1] Defendants Alan Klapmeier, James Carroll, Steve Serfling, RJ Siegle, and Mike Wyse (the "Individual Defendants") also sought sanctions against Diligent. However, the Individual Defendants withdrew their application for fees and costs after Diligent and the Individual Defendants "reached a settlement of their claims." September 29, 2025 Letter from E. Barrow to the Honorable Barbara Moses, ECF No. 88.

On June 24, 2025, the parties submitted a joint letter advising the Court that the parties were "in ongoing discussions as to whether an agreement on the amount of awardable fees can be reached." June 24, 2025 Letter from C. Porsch to the Honorable Valerie E. Caproni, *Diligent II*, ECF No. 61. The Cour granted the parties until July 1, 2025 to "file another joint status update addressing whether they have resolved the amount due to Fee Moving Defendants as attorneys' fees and costs in accordance with the Court's prior Opinion and Order at Dkt. 60." Memo Endorsement, *Diligent II*, ECF No. 62. On July 1, 2025, the parties advised that despite "continued discussions on a proposed fee award, unfortunately, no agreement ha[d] been reached." July 1, 2025 Letter from C. Porsch to the Honorable Valerie E. Caproni, *Diligent II*, ECF No. 62. The very next day, Diligent's counsel moved to withdraw because Diligent had once again failed to pay its counsel tens of thousands of dollars in attorneys' fees. Notice of Motion to Withdraw as Counsel, *Diligent II*, ECF No. 65; Declaration of Cassandra Porsch ¶¶ 8, 11, *Diligent II*, ECF No. 66. The resolution of the amount of fees owed to AML Global under the Court's May 27, 2025 Order was delayed as the case was stayed for a month to afford Diligent time to locate further replacement counsel. *See* Order, *Diligent II*, ECF No. 74.

On August 4, 2026, an attorney from Pierson Ferdinand, LLP noticed an appearance on behalf of Diligent. Notice of Appearance, *Diligent II*, ECF No. 76. The Court referred the fee award amount determination to the Honorable Barbara Moses and the matter was fully submitted in September 2025. On March 3, 2026, Judge Moses issued a thorough Opinion and Order (the "Sanctions Order"). Sanctions Order, *Diligent II*, ECF No. 91.

In the Sanctions Order, Judge Moses awarded AML Global "$80,525 in attorneys' fees and $1,542.54 in expenses" "to be paid by Diligent . . . as a sanction for voluntarily dismissing [*Diligent I*] and then filing this lawsuit (*Diligent II*) 'the same day against many of the same defendants

asserting the same claims.'"  Sanctions Order at 1, ECF No. 91 (quoting Order, ECF No. 60). Judge Moses explained in the Sanctions Order that the Court had granted AML Global's motion "for Rule 41(d) sanctions, because '[t]he exact scenario contemplated by the plain text of the rule occurred here' . . . and 'Diligent's conduct in dismissing and re-filing its lawsuit was perplexing and unduly vexatious.'"  Sanctions Order at 5, ECF No. 91 (quoting Order at 21-22, ECF No. 60); *see also id.* (again describing the Court's grant of fees as "the Rule 41(d) sanction").  Judge Moses then conducted a comprehensive analysis of the law and facts, ultimately ruling:

> AML is entitled to $80,525 in attorneys' fees and $1,542.54 in legal expenses pursuant to Rule 41(d). Diligent must pay AML a total of $82,067.54 within 30 days of today's date.

Sanctions Order at 16, *Diligent II*, ECF No. 91.  The Sanction Order provided that any objection must be made by March 17, 2026.  *Id.* at 17.  Diligent did not file an objection.

On March 11, 2026, counsel for AML Global proactively reached out to Diligent's counsel to provide payment instructions.  Diligent's counsel, Ms. Bost Seaton, stated that she would send the instructions to Diligent.  Kalanchoe Decl., Ex. A (Mar. 11, 2026 Email).  Diligent did not pay AML Global the required $82,067.54 (or any lesser amount) by the court-ordered April 2, 2026 deadline.  Suppadit Decl. ¶ 3.  On April 9, 2026, counsel for AML Global informed Diligent's counsel that Diligent had not remitted the monies owed under the Court's Sanction Order and offered an extension until Thursday, April 16.  Kalanchoe Decl., Ex. B (Apr. 9, 2026 Email).  Counsel for AML Global further informed Diligent's counsel that AML Global would move for a contempt order against Diligent if Diligent did not pay the Sanction Order funds by the April 16 extension.  *Id.*

On April 15, 2026, Diligent's counsel moved to withdraw, citing "a breakdown in the attorney-client relationship between Diligent and Pierson Ferdinand since" Judge Moses issued the Sanctions Order.  Notice of Motion to Withdraw as Counsel, *Diligent II*, ECF No. 92;

5

Declaration of Christina H. Bost Seaton ¶ 4, *Diligent II*, ECF No. 93.  Diligent did not pay any portion of the court-ordered Rule 41(d) sanction award by April 16, 2026.  Suppadit Declaration ¶ 4.  AML Global now seeks the Court's assistance to enforce Diligent's compliance with the Sanctions Order.

## ARGUMENT

### I.    THE COURT SHOULD EXERCISE ITS INHERENT CONTEMPT POWER TO ENFORCE DILIGENT'S COMPLIANCE WITH THE SANCTIONS ORDER

"A court has the inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages' sustained by reason of noncompliance."  *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)); *see Weston Cap. Advisors, Inc. v. PT Bank Mutiara, Tbk*, 738 F. App'x 19, 22 (2d Cir. 2018) (similar).  "[U]se of the contempt power is an appropriate way to enforce a sanction for misconduct, which is not an ordinary money judgement[.]"  *In re Alexander*, 2026 WL 74280, at *7 (S.D.N.Y. Jan. 9, 2026) (Seibel, J.) (collecting cases); *see also Ramgoolie v. Ramgoolie*, 2020 WL 8838045, at *2 (S.D.N.Y. Mar. 16, 2020) (Caproni, J.) (holding defendant in civil contempt for, *inter alia*, failing to comply with magistrate judge's fee award).

"A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'"  *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (quoting *King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir. 1995)).  These elements are satisfied here.  Diligent should be held in contempt for its failure to comply with the Sanctions Order.

6

A.    The Sanction Order Is Clear and Unambiguous

"An order is 'clear and unambiguous' where it is 'specific and definite enough to apprise those within its scope of the conduct that is being proscribed' or required." *Waterkeeper All. Inc. v. Spirit of Utah Wilderness, Inc.*, 2020 WL 377951, at *3 (S.D.N.Y. Jan. 22, 2020) (citation omitted), *aff'd sub nom.*, *Waterkeeper All., Inc. v. Salt*, 2022 WL 3581303 (2d Cir. Aug. 22, 2022). Here, the Sanctions Order states in specific and definite language that "Diligent must pay AML a total of $82,067.54 within 30 days of today's date." Sanctions Order at 16, ECF No. 91. This language can easily be understood and, in fact, "leaves 'no uncertainty in the minds of those to whom it is addressed'" that Diligent was required to pay AML Global $82,067.54 within 30 days of March 3, 2026—that is, by April 2, 2026. *Waterkeeper*, 2020 WL 377951, at *3 (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)). As such, the Sanctions Order is clear and unambiguous.

B.    The Proof of Diligent's Non-Compliance Is Clear and Convincing

"In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation *occurred*." *Mphasis Corp. v. Rojas*, 2026 WL 300905, at *9 (S.D.N.Y. Jan. 13, 2026) (Wang, M.J.) (quoting *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, 2017 WL 5067500, at *9 (S.D.N.Y. Sept. 27, 2017) (Moses, M.J.)) (emphasis in original). This standard is satisfied by the statement of AML Global Group's Corporate Secretary, Ms. Suppadit, confirming that she has reviewed the records of the bank account that AML Global provided to Diligent and those records show that Diligent has not submitted any portion of the monies owed under the Sanction Order. *See* Suppadit Decl. ¶¶ 3-4.

AML Global respectfully submits that the motion to withdraw filed by Diligent's latest counsel on April 15, 2026 (ECF No. 92) is further evidence of Diligent's non-compliance with the Sanctions Order. Ms. Bost Seaton represented in connection with that motion that her withdrawal

7

was precipitated by "a breakdown in the attorney-client relationship between Diligent and Pierson Ferdinand since the [Sanctions Order.]"  Declaration of Christina H. Bost Seaton ¶ 4, *Diligent II*, ECF No. 93.  Ms. Bost Seaton's further representation that there "are no outstanding issues in this litigation," *id.* ¶ 6, begs the question: if there are no issues in the litigation, what is the basis for the attorney-client breakdown?  The timing of the motion to withdraw—filed just six days after counsel for AML Global informed Ms. Bost Seaton of Diligent's failure to comply with the Sanctions Order and one day before Diligent's extended deadline—supplies a ready answer: Diligent's persistent contumacy.

In sum, there is clear and convincing evidence demonstrating that Diligent violated the Sanctions Order by failing to pay the amount owed under that order to AML Global.

C.      Diligent Has Not Diligently Attempted to Comply With the Sanction Order

Diligent bears the burden of demonstrating that it has diligently attempted to comply with the Sanctions Order in a reasonable manner.  *See Paramedics*, 369 F.3d at 656 (affirming contempt where contemnor "ha[d] not demonstrated a diligent attempt to comply with the district court's orders in a reasonable manner.") (alteration added).  Diligent cannot carry its burden because it has done nothing to comply with the Sanctions Order.  *See M. Harvey Rephen & Assocs., P.C. v. Chase Bank USA, N.A.*, 853 F. App'x 690, 693 (2d Cir. 2021) (affirming contempt order where party was "doing absolutely nothing to comply with the" court's order).  Indeed, whereas AML Global proactively provided payment information to Diligent and afforded Diligent an additional two weeks to comply (*see* Kalanchoe Decl., Exs. A and B), Diligent has taken no steps to satisfy its obligations under the Sanctions Order.  Diligent has not paid a penny of the amount owed under the Sanctions Order nor sought to negotiate a payment plan or any other sort of resolution of its obligations under the Sanctions Order with AML Global.  Thus, this element also weighs in favor of holding Diligent in contempt.

8

II.     **THE COURT SHOULD IMPOSE COERCIVE AND COMPENSATORY SANCTIONS FOR PLAINTIFF'S CONTEMPT**

"[S]anctions for civil contempt serve two purposes: to coerce future compliance and to remedy any harm past noncompliance caused the other party." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996) (citation omitted); *see also Utica Coll. v. Gordon*, 389 F. App'x 71, 74 (2d Cir. 2010) (citation modified) ("Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."). Here, the Court should impose sanctions both to coerce Diligent's compliance with the Sanctions Order and to compensate AML Global for Diligent's continued violation of that order.

A.     The Court Should Impose a Daily Fine Until Diligent Complies With the Sanctions Order

"When . . . the purpose [of the contempt sanction] is coercive, the district court has broad discretion to design a remedy that will bring about compliance." *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982) (citations omitted) (affirming coercive sanctions of $5,000 per day imposed on contemptuous party). When considering whether to impose coercive sanctions, courts consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of any suggested sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him. *Id.* But "the overriding consideration is whether the coercive fine was reasonably set in relation to the facts and was not arbitrary." *Id.* Here, the character of Diligent's contumacy is emphasized by its pattern of vexatious conduct and repeated failure to pay its own attorneys' fees. Indeed, this litigation has been prolonged *twice* because firms have withdrawn due, at least in part, to Diligent's failure to pay more than $200,000 in attorneys' fees. *See* Graham Decl., *Diligent II*, ECF No. 19 (Diligent failed to pay its counsel at Akerman approximately

9

$175,000); Porsch Decl. ¶ 8, *Diligent II*, ECF No. 66 (Diligent failed to pay its counsel at gunner*cooke* more than $27,000).   Based on Diligent's past behavior, without this Court's intervention AML Global will continue to suffer the harm of being deprived the award it is due under the Sanctions Order.  *See, e.g.*, *Axial Grp., LLC v. Zachert Priv. Equity GmbH*, 2023 WL 8113245, at *2 (S.D.N.Y. Nov. 21, 2023) (imposing daily coercive fine of $1,000, to be increased to $2,500 after thirty days of noncompliance, as contempt sanction where party continually refused to comply with underlying order); *Clissuras v. City Univ. of New York*, 2005 WL 3288097, at *3 (S.D.N.Y. Dec. 2, 2005) (ordering a coercive fine for future noncompliance with underlying order because of "plaintiffs' stubborn behavior").  Even where the effectiveness of a sanction and the financial resources of the contemnor are difficult to ascertain, a court may nevertheless impose a coercive fine.  *See e.g.*, *Citibank, N.A. v. McPartland*, 2023 WL 4424352, at *5 (S.D.N.Y. July 7, 2023), *report and recommendation adopted*, 2023 WL 8478799 (S.D.N.Y. Dec. 7, 2023) (imposing weekly coercive fine and noting that the probable effectiveness and appropriate amount of a coercive fine was "difficult to gauge").  Here, the circumstances warrant the imposition of a daily fine of $820 (representing 1% of the amount owed under the Sanctions Order) to be paid to the Court to coerce Diligent's compliance with the Sanctions Order.

B.       The Court Should Order Diligent to Pay Interest on the Sanctions Order

"Compensatory sanctions should reimburse the injured party for its actual damages." *Weston Cap. Advisors, Inc.*, 738 F. App'x at 22 (citations omitted).  AML Global's actual damages for Diligent's refusal to comply with the Sanctions Order include interest to compensate AML Global for the loss of the time value of the award it is due.  "[W]ith respect to interest on the award of . . . attorneys' fees, . . . such an award is properly considered a component of damages in a contempt case." *Warner Bros. v. Gay Toys, Inc.*, 598 F. Supp. 424, 433 (S.D.N.Y. 1984) (citation omitted); *Barcia v. Sitkin*, 1997 WL 66785, at *3 (S.D.N.Y. Feb. 14, 1997) (ordering party held in

10

contempt for failure to comply with attorneys' fee order to pay interest on late payments). The award of interest should be calculated from the date on which payment was due, April 2, 2026, at the federal rate in accordance with 28 U.S.C. § 1961. *See Barcia*, 1997 WL 66785, at *3.

C.    The Court Should Order Diligent to Pay AML Global's Attorneys' Fees Incurred in Connection With Bringing the Instant Motion

AML Global should also be compensated for the attorneys' fees incurred in connection with the instant motion. It is well-established that, although "willfulness may not necessarily be a prerequisite to an award of fees and costs," *M. Harvey Rephen & Assocs., P.C.*, 853 F. App'x at 693 (citation modified), "courts in this Circuit generally 'award the reasonable costs of prosecuting the contempt, including attorney's fees,'" for willful violations of a court order, *Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 8 (2d Cir. 1989 (citations omitted)). "Indeed, to survive review . . ., a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt." *M. Harvey Rephen*, 853 F. App'x at 693 (quoting *Weitzman*, 98 F.3d at 719). Here, there are no such grounds.

"Willfulness merely requires a specific intent to consciously disregard an order of the court." *M. Harvey Rephen*, 853 F. App'x at 693 (quoting *United States v. Lynch*, 162 F.3d 732, 735 (2d Cir. 1998)) (citation modified). Diligent's conscious disregard for the Sanctions Order is evident, because, despite AML Global's proactive communication and follow-up, *see supra* I.B–C, Diligent has done "absolutely nothing to comply." *See M. Harvey Rephen*, 853 F. App'x at 693. The Sanctions Order requires Diligent pay AML Global $82,067.54. Diligent has not paid AML Global anything and, instead, AML Global has been forced to incur additional fees in bringing this motion. *See e.g.*, *Weitzman*, 98 F.3d at 719 ("[I]t is appropriate for the court ... to award the reasonable costs of prosecuting the contempt[.]") (citation modified); *McPartland*, 2023

11

WL 4424352, at *5 ("[Movant] should be compensated for fees and costs incurred in making the instant contempt motion and given an opportunity to document those fees and costs.") (citation omitted); *Gucci Am., Inc. v. Li*, 2015 WL 7758872, at *5 (S.D.N.Y. Nov. 30, 2015) (granting request for attorneys' fees and costs as a result of bringing contempt motion).  An award of attorneys' fees is, therefore, necessary to compensate AML Global for Diligent's failure to comply with the Sanctions Order.

## CONCLUSION

For the forgoing reasons, AML Global respectfully requests that the Court hold Diligent in contempt for its failure to comply with the Sanctions Order, institute a daily fine of $820 until Diligent complies with the Sanctions Order, award AML Global daily interest at the federal rate and its attorneys' fees incurred in connection with seeking contempt, and grant such other and further relief as this Court deems just and proper.

Dated:   New York, New York
      April 22, 2026

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

By:        */s/ Michael C. Keats*
         Michael C. Keats

One New York Plaza
New York, New York 10004-1980
(212) 859-8000
michael.keats@friedfrank.com

*Attorneys for Defendant*
  *AML Global Eclipse, LLC*

12