USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__5/18/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

DILIGENT ENTERPRISE MANAGEMENT,
LLC,

                            Plaintiff,

              -against-

AML GLOBAL ECLIPSE, LLC, DWC PINE
INVESTMENTS I, LTD., ALAN KLAPMEIER,
JAMES CARROLL, STEVE SERFLING, RJ
SIEGLE, and MIKE WYSE,

                       Defendants.

-------------------------------------------------------------- X

24-CV-2228 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

On May 27, 2025, the Court denied Plaintiff Diligent Enterprise Management LLC's ("Diligent") motion to remand this action, granted Defendants' cross-motion to transfer this case to the U.S. District Court for the District of Delaware, and granted Defendants' motion for attorneys' fees and costs pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, while retaining limited jurisdiction to enforce the fee award. S*ee* Dkt. 60. On July 2, 2025, after the parties informed the Court they could not resolve the issue of attorneys' fees, the Court referred the dispute to Magistrate Judge Moses for final resolution as a non-dispositive matter. *See* Dkts. 63, 64. On March 3, 2026, Judge Moses determined that Defendant AML Global Eclipse, LLC ("AML Global") is entitled to $80,525 in attorneys' fees and $1,522.54 in legal expenses pursuant to Rule 41(d). *See* Dkt. 91 (the "Final Fee Order" or the "Order"). In the Final Fee Order, Judge Moses ordered Diligent to pay AML Global not later than April 2, 2026. *See id.* at 16. Neither party objected to the Order.

Six weeks after the Final Fee Order was entered, and nearly two weeks after Plaintiff's deadline to remit payment to AML Global had passed, on April 15, 2026, Plaintiff's counsel Christina H. Bost Seaton, Esq., moved to withdraw as Plaintiff's attorney, *see* Dkt. 92, citing (i) the limited scope of her representation and the completion of the terms of her firm's engagement, *see* Dkt. 93 ¶¶ 2–3, 6, and (ii) "a breakdown in the attorney-client relationship between [Plaintiff] and Pierson Ferdinand since" Judge Moses issued the Final Fee Order, *see id.* ¶ 4. That same day, and "[i]n light of Ms. Bost Seaton's motion to withdraw," AML Global submitted a letter informing the Court that Diligent had not complied with the Final Fee Order and that AML Global "intends to move for an order holding [Plaintiff] in contempt for [its] failure to comply." *See* Dkt. 96. On April 22, 2026, as previewed, AML Global filed a motion for sanctions seeking to hold Diligent in civil contempt. *See* Dkts. 97–100.

In light of the significant outstanding issue remaining in this litigation (*i.e.*, Plaintiff's continued non-compliance with the Final Fee Order), and inadequacies with the submission supporting the motion to withdraw, on March 24, 2026, the Court denied Ms. Bost Seaton's withdrawal motion and ordered that Plaintiff show cause at a hearing on Friday, May 22, 2026, why it should not be held in civil contempt for its continued failure to comply with the Order. *See* Dkt. 101 (the "OTSC"). The Court required Plaintiff to submit any opposition to the OTSC not later than May 14, 2026. *See id.* at 4. The OTSC further required, *inter alia*, that "(i) at least one representative from Plaintiff Diligent Enterprise Management, LLC, with knowledge of the facts of this case, including of the instant contempt motion and information pertinent thereto, and (ii) counsel for Plaintiff Diligent Enterprise Management, LLC," appear at the show cause hearing. *Id.*

On May 14, 2026, the Court received a declaration from Huan Wang, who is "not an officer or director of Plaintiff," but who has "knowledge and history of the One Aviation

2

Corporation bankruptcy[] due to [his] role as an agent of Citiking International US LLC," asserting that "[Plaintiff] is not willfully failing to comply with the [Final Fee Order]" but "[Plaintiff] is not able to pay the amounts ordered . . . because it does not have sufficient funds available." Dkt. 103 ¶¶ 1–3. Wang also asserts that Plaintiff is "attempting to locate a law firm that would be willing to pursue malpractice claims against the law firm that" previously represented Diligent in a related action. *Id.* ¶ 4.

Wang's conclusory attestation of Diligent's poverty is woefully inadequate to show that Diligent is financially incapable of complying with the Final Fee Order. Wang does not profess to have a lick of knowledge of Plaintiff's finances, nor is it obvious why a non-officer, non-director employee of Plaintiff – whose claim to fame is that he is knowledgeable about the "history of the One Aviation Corporation bankruptcy" – would be privy to Diligent's present financial situation. *Id.* ¶ 1. When the Court ordered that Plaintiff present a representative "with knowledge of the facts of *this* case," Dkt. 101 at 4 (emphasis added), it anticipated an officer or employee of Diligent whose role would provide him or her with firsthand knowledge "of the *instant contempt motion* and *information pertinent thereto*," *id.* (emphases added), not an unknown individual who claims to be knowledgeable only about the underlying bankruptcy. Because Plaintiff appears to be pleading poverty as the reason for its noncompliance, the Court expects Plaintiff to present someone – preferably an officer, but definitely an employee – with detailed knowledge of Diligent's current financial condition. To the extent Plaintiff intends to persist in its position that it has not paid AML Global because it truly cannot, Diligent will need to be prepared, at the show cause hearing, to make adequate disclosure of its finances to the Court and to AML Global.[1]

---

[1] As an aside, Plaintiff's desire to sue its prior attorney for malpractice in another action has absolutely no bearing on the instant contempt proceeding in this case.

Separately, Ms. Bost Seaton requests to appear at the show cause hearing remotely due to her having "pre-scheduled travel to [her] twenty-fifth college reunion in New Haven, Connecticut." Dkt. 104. Fortunately, the Northeast Corridor continues to function,[2] and New Haven is only a short train ride from the courthouse in lower Manhattan. Counsel's application might carry more force if the obstacles between her and alumni weekend involved more than a Metro-North ticket and a single state border. The Court sees no reason why she cannot make an in-person court appearance *and* attend her reunion. Nonetheless, if adjusting the time of the hearing would help counsel miss fewer reunion events, the Court encourages her to make an appropriate request.

Ms. Bost Seaton also renewed her request to withdraw as Plaintiff's counsel. *See* Dkt. 102. Largely for the reasons that the Court previously articulated, *see* Dkt. 101, Ms. Bost Seaton's request is DENIED without prejudice.[3] Unless Plaintiff hires new counsel who has filed a notice of substitution sufficiently in advance of the show cause hearing, Ms. Bost Seaton, as Plaintiff's counsel of record in this action, is expected to attend the hearing (in person).

In sum, and with due consideration of Plaintiff's and Ms. Bost Seaton's recent submissions, *see* Dkts. 102–104, any request that there be a virtual option to attend the show

---

[2]    Mostly reliably, most of the time. *See, e.g.*, https://www.nbcconnecticut.com/news/local/amtrak-service-suspended-wednesday-evening-from-new-haven-to-new-york-due-to-power-issues/3700479/.

[3]    The Court is not unsympathetic to the fact that Plaintiff is not paying its bills, *see* Dkts. 103 ¶ 5; 102 ¶¶ 6–7, and recognizes "that a client's refusal or inability to pay its legal bills is sufficient reason to permit counsel's withdrawal." *Building Serv. 32BJ Pension Fund v. Whitehouse Estates, Inc.*, No. 23-CV-7286 (ALC) (KHP), 2024 WL 5651832, at *1 (S.D.N.Y. Mar. 18, 2024) (collecting cases); *see also Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011) ("[W]here an attorney desires to withdraw from a case, [she] will in most cases be allowed to do so; what amounts to specific performance by an attorney has been required, but such cases are extremely rare." (internal quotation marks omitted)). The Court also recognizes that Plaintiff consents to Ms. Bost Seaton's withdrawal. Dkt. 103 ¶ 5.

But neither Plaintiff nor Ms. Bost Seaton have sufficiently articulated how, beyond Plaintiff's failure to pay, there has been a "breakdown in the attorney-client relationship." Dkt. 102 ¶ 7. Given the imminency of the show cause hearing, and without a more fulsome explanation of Ms. Bost Seaton's decaying relationship with Plaintiff, the Court remains of the position that her withdrawal would be unjustifiably disruptive at this time.

cause hearing on **Friday, May 22, 2026, at 2:30 P.M.**, is DENIED.  The parties and Plaintiff's

designated representative, *see supra* p.3, are expected to attend the hearing in person.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 92.


**SO ORDERED.**

**Date:  May 18, 2026**                                          **VALERIE CAPRONI**
**New York, New York**                               **United States District Judge**