UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DILIGENT ENTERPRISE MANAGEMENT, LLC,

Plaintiff,

- against -

AML GLOBAL ECLIPSE, LLC, DWC PINE
INVESTMENTS I, LTD., ALAN KLAPMEIER, JAMES
CARROLL, STEVE SERFLING, RJ SIEGLE, and MIKE
WYSE,

Defendants.

1:24-cv-02228-VEC

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF AML GLOBAL'S
MOTION TO HOLD PLAINTIFF IN CIVIL CONTEMPT**

Defendant AML Global Eclipse, LLC ("AML Global") respectfully submits this reply memorandum of law in further support of its motion to hold plaintiff Diligent Enterprise Management, LLC ("Plaintiff" or "Diligent") in civil contempt.

## PRELIMINARY STATEMENT

Diligent's declaration-only opposition to AML Global's contempt motion does not dispute that the Sanctions Order, ECF No. 91, is clear and unambiguous, nor does it contest that Diligent has not paid a single penny of the $82,067.54 owed to AML Global.  Instead, as the Court has already recognized, Diligent offers only a "conclusory attestation of Diligent' s poverty" from a non-officer, non-director "Delegated Representative" that is "woefully inadequate."  Order, ECF No. 105 at 3; Declaration of Huan Wang ("Wang Decl."), ECF No. 103 ¶¶ 1, 2.  Notably absent from Diligent's response is any financial documentation, any information regarding Diligent's assets, any statement regarding Diligent's ability to obtain funds from outside sources, or any attempt to establish that it cannot even partially comply with the Sanctions Order.

Diligent's undying appetite for litigation, as evidenced by its continued prosecution of the claims against AML Global that have been transferred to the Bankruptcy Court for the District of Delaware and its plans to bring malpractice claims against its former counsel, casts further doubts on its insistence that it lacks resources to comply with the Sanctions Order.  Diligent's contention that its failure to comply is not willful is equally suspect.  Diligent has taken *no* action to even partially comply, which demonstrates conscious disregard for the Sanctions Order.

Just as Diligent has failed to pay even a cent of the amount due to AML Global under the Sanctions Order, it has not produced a scintilla of evidence to support its assertion that it lacks sufficient funds to comply with the order.  The Court should hold Diligent in civil contempt and impose coercive and compensatory sanctions to enforce compliance with the Sanctions Order.

1

## ARGUMENT

### I.   DILIGENT'S CONCLUSORY ASSERTIONS ARE INSUFFICIENT TO ESTABLISH ITS INABILITY TO PAY

"[T]he alleged contemnor's burden is to establish his inability [to comply] clearly, plainly, and unmistakably," and "[c]onclusory statements are inadequate to carry this burden." *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995). As the Court observed, Diligent's only attempt to establish its inability to pay is a statement from Mr. Wang that "Diligent is not able to pay the amounts ordered in the Sanctions Order (ECF No. 91) because it does not have sufficient funds available." Wang Decl. ¶ 2; *see also* Declaration of Christina H. Bost Seaton ("Bost Seaton Decl."), ECF No. 102 ¶ 2 ("Diligent has informed Pierson Ferdinand and the Court that it is not able to comply with the Sanctions Order (ECF No. 91) because it does not have sufficient funds available to pay the amounts ordered in the Sanctions Order."); ECF No. 105 at 3. This statement is without evidentiary support and comes from an individual who is "not an officer or director" of Diligent but was purportedly "asked by Diligent to assist it as the Delegated Representative and Person Most Knowledgeable in connection with its claims in this litigation." Wang Decl. ¶ 1. As the Court noted, Mr. Wang "does not profess to have a lick of knowledge of Plaintiff's finances." ECF No. 105 at 3. Diligent has provided no financial records, no statement about Diligent's ability to obtain funds from outside sources, nor any information about Diligent's assets. *See Yimby, Inc. v. Fedak*, 2017 WL 2693719, at *4 (S.D.N.Y. June 22, 2017) (holding party in civil contempt where party "offers no evidence regarding the value of any assets it might own" and "does not claim to be unable to obtain funds from outside sources.").

Even parties that have presented limited, but incomplete evidence of their inability to pay have been held in contempt. *See Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 658 (2d Cir. 2004) (holding there was no abuse of discretion in

2

finding that contemnor did not meet its burden of establishing an inability to pay where contemnor furnished only limited information and offered no documents); *Yimby, Inc.*, 2017 WL 2693719, at *4 (provision of account statement and affidavits "paint[ed] an incomplete picture of [the contemnor's] financial status."). Diligent has done even less, relying on a non-officer, non-director's bald assertion that it lacks sufficient funds to comply with the Sanctions Order.

Nor does Diligent's response address whether it could partially comply with the Sanctions Order. Even if Diligent had provided proof of its assertion that it "does not have sufficient funds available" to comply in full with the Sanctions Order, that claim does not alone establish Diligent's inability to comply in part. *S.E.C. v. Universal Exp., Inc.*, 546 F.Supp.2d 132, 135 (S.D.N.Y. 2008) ("[P]roof that [contemnor] cannot pay the entire amount would not absolve him from paying as much as is possible to pay under the circumstances."). Diligent's response fails to meet its burden to establish its inability to pay.

## II. DILIGENT'S CLAIM THAT IT LACKS RESOURCES IS NOT CREDIBLE DUE TO ITS CONTINUED LITIGATION OF THE TRANSFERRED CASE

"The court is not required to credit the alleged contemnor's denials if it finds them to be 'incredible in context.'" *Huber*, 51 F.3d at 10 (quoting *Maggio v. Zeitz*, 333 U.S. 56, 75-76 (1948)). Diligent's alleged inability to pay lacks credibility due to its continued litigation of its claims against AML Global, which were transferred to the District Court for the District of Delaware, May 27, 2025 Opinion and Order, ECF No. 60, and subsequently to the Bankruptcy Court for the District of Delaware. Order, *Diligent Enterprise Management, LLC v. AML Global Eclipse, LLC et al.*, No. 25-cv-689-CFC (D. Del. Aug. 12, 2025), ECF No. 72. In *Yimby, Inc.*, the court considered the plaintiff's willingness to continue to rack up legal fees "while not complying with the Court's order that it pay Movants for their legal fees." 2017 WL 2693719, at *4 & n.1, *5. The *Yimby, Inc.* court noted that the plaintiff "hopes to re-open the underlying litigation, which

indicates an ability and appetite to incur even further legal fees." *Id*. at *4 n.1. Similarly, here, Diligent is apparently content to continue incurring legal fees in the transferred case. *See e.g.*, Diligent's Mem. of Law in Opp. to AML Global's Mot. to Dismiss, *Diligent Enterprise Management, LLC v. AML Global Eclipse, LLC et al.*, No. 25-cv-52065-JKS (Bankr. D. Del. Nov. 3, 2025), ECF No. 10. For the first time, in its response, Diligent also indicates that it intends to bring malpractice claims against its former counsel. Wang Decl. ¶ 4; Bost Seaton Decl. ¶ 3. Diligent's assertion of insufficient funds is betrayed by its evident appetite for continued litigation.

## III. DILIGENT'S FAILURE TO COMPLY WITH THE SANCTIONS ORDER IS WILLFUL

Diligent tepidly asserts that its failure to comply was not willful. Wang Decl. ¶¶ 3, 7. Willfulness is not required to hold Diligent in contempt, *Securities & Exchange Commission v. Bronson*, 2021 WL 3167853, at *5 (S.D.N.Y. Jan. 19, 2021), nor is it a "prerequisite for there to be a finding that the contempt was willful" in order to award fees and costs, *Klein v. Aicher*, 2021 WL 1948010, at *3 & n.4 (S.D.N.Y. May 14, 2021) (quoting *Nisselson v. Empyrean Inv. Fund, L.P.*, 2007 WL 1040422, at *3 (S.D.N.Y. Apr. 3, 2007)). Nevertheless, Diligent's actions belie its halfhearted assertion that its continued lack of compliance is not willful.

AML Global proactively reached out to Diligent's counsel to facilitate payment prior to the deadline and followed up to afford Diligent additional time to pay after Diligent's initial failure to comply. ECF Nos. 99-1, 99-2. But Diligent did not make any efforts to even partially pay or to otherwise attempt to comply with the Sanctions Order. *See* ECF No. 100. Willfulness is thus established because Diligent "demonstrated its intent to consciously disregard the district court's order by doing absolutely nothing to comply…." *M. Harvey Rephen & Assocs., P.C. v. Chase Bank USA, N.A.*, 853 F. App'x 690, 693 (2d Cir. 2021) (summary order); *see also Citibank, N.A. v. McPartland*, 2023 WL 4424352, at *5 (S.D.N.Y. July 7, 2023), *report and recommendation*

4

*adopted*, 2023 WL 8478799 (S.D.N.Y. Dec. 7, 2023).  Such willfulness warrants an award of attorneys' fees and costs to AML Global.  *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996); *see also* ECF No. 98 at 11–12.

## CONCLUSION

For the foregoing reasons, and those in AML Global's opening papers, AML Global respectfully requests that the Court hold Diligent in contempt for its failure to comply with the Sanctions Order, institute a daily fine of $820 until Diligent complies with the Sanctions Order, award AML Global daily interest at the federal rate and its attorneys' fees incurred in connection with seeking contempt, and grant such other and further relief as this Court deems just and proper.

Dated:   New York, New York
            May 19, 2026

                                        FRIED, FRANK, HARRIS, SHRIVER
                                          & JACOBSON LLP

                                        By: _____
                                                Michael C. Keats

                                        One New York Plaza
                                        New York, New York 10004-1980
                                        (212) 859-8000
                                        michael.keats@friedfrank.com

                                        *Attorneys for Defendant*
                                          *AML Global Eclipse, LLC*

5